IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JULIE T. TATUM,

    Plaintiff,

    v.

SYSCO CORPORATION; and SYSCO
JACKSONVILLE, INC.,

    Defendants.

CIVIL ACTION NO.: 4:19-cv-105

## O R D E R

Before the Court is Plaintiff's Motion for Leave to Dismiss Without Prejudice, (doc. 21), to which Defendants have filed a Response in opposition, (doc. 23). The Court, having reviewed the Motion and Response and having held a hearing on July 23, 2020, finds as follows:

According to Federal Rule of Civil Procedure 41(a)(2), after a defendant has filed an answer or motion for summary judgment, this Court has the discretion to grant a plaintiff's request to voluntarily dismiss her complaint. In exercising such discretion, this Court must consider the interests of the defendants and whether the defendants will suffer "clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result" of the voluntary dismissal. Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting McCants v. Ford Motor Co., 781 F.2d 855, 857 (11th Cir. 1986)). District courts "must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" Pontenberg, 252 F.3d at 1256 (quoting McCants, 781 F.2d at 857).

Here, Plaintiff sought to dismiss her action without prejudice after she missed the deadline for disclosing her treating physicians as expert witnesses and after Defendants moved for summary judgment based in large part on her failure to disclose those expert witnesses. (Docs. 18, 21.) In her Motion to Dismiss, however, she also states that she has begun to experience what she suspects are complications from a surgery she had to address her original injuries that prompted her to file this lawsuit. (Doc. 18, pp. 5–6.) She argues that she needs time to seek additional treatment for this complication and she also emphasizes that, if the complication is linked to her original injury, all parties will need time to undertake discovery concerning this complication. (Id.)

In their Response and during the July 23, 2020 hearing, Defendants objected to Plaintiff's request for a voluntary dismissal, arguing that Plaintiff's request is a bad faith effort to avoid Defendants' summary judgment motion (which Defendants urge is valid and due to be granted) and also that, if Plaintiff is permitted to dismiss without prejudice, they will be prejudiced by having to relitigate this case later (and Plaintiff will be given a "do over" on the expert witness disclosure requirement). (See doc. 23, pp. 1, 7.)

None of these arguments, however, constitute the requisite "clear legal prejudice" as described in McCants and Pontenberg. In fact, Defendants have offered essentially the same arguments regarding prejudice and bad faith that were rejected by the Eleventh Circuit in Pontenberg. See Pontenberg, 252 F.3d at 1256 ("Neither the fact that the litigation has proceeded to the summary judgment stage [and defendant had filed a motion for summary judgment] nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss."). During the hearing, Plaintiff's counsel offered information indicating that his failure to disclose the expert witnesses was an oversight and not a dilatory or other type of tactic

demonstrating bad faith on his part.  Additionally, Plaintiff does not seek dismissal simply to get a second chance to disclose her treating physicians or to avoid summary judgment; she also requires time to seek treatment for and to further investigate the complications she is suffering following her surgery, in case additional claims must be made as a result.  Accordingly, the Court **LIFTS** the stay currently in place, **GRANTS** Plaintiff's Motion to Dismiss, (doc. 21), and **DISMISSES** the case **WITHOUT PREJUDICE** subject to the following conditions:

1. All other pending motions, (docs. 18, 36, 50), are **DENIED AS MOOT**;
2. Plaintiff will not re-file this lawsuit against Sysco Corporation, and will only re-file against Sysco Jacksonville, Inc., unless good cause is shown for her to name another or different entity as Defendant;
3. If Plaintiff re-files this lawsuit, she must file in the Southern District of Georgia, Savannah Division;
4. If Plaintiff re-files this lawsuit, she will not object to any effort by the named defendant to have the case assigned to the undersigned (in the event the case is not initially assigned to him by the Clerk of Court in the ordinary course); and
5. If Plaintiff re-files this lawsuit, the Court should assess costs against Plaintiff pursuant to Federal Rule of Civil Procedure 41(d).

The Clerk is directed to **CLOSE** this case.

    **SO ORDERED**, this 13th day of October, 2020.

    R. STAN BAKER
    UNITED STATES DISTRICT JUDGE
    SOUTHERN DISTRICT OF GEORGIA